# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SCOTT MICHAEL CLIFTON,

      Petitioner,                   Civil No. 2:10-CV-14264
                                    HONORABLE VICTORIA A. ROBERTS
v.                             UNITED STATES DISTRICT JUDGE

THOMAS BELL,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS

Scott Michael Clifton, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan,  filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254.   In his *pro se* habeas petition, Petitioner challenges his conviction and sentence for two counts of armed robbery, M.C.L.A. 750.529; one count of first-degree home invasion, M.C.L.A. 750.110a(2); and being a fourth felony habitual offender, M.C.L.A. 769.12.

The petition for writ of habeas corpus is DENIED.

## I.  Background

Petitioner pleaded guilty to the above charges in the Oakland County Circuit Court, based upon a sentence agreement made with the trial court judge pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208 (1993), in which the judge agreed to sentence Petitioner to fourteen and one-half to twenty five years in prison, in exchange

for Petitioner's plea of guilty to the charges. (Tr. 8/6/2007, p. 3, 6). The prosecutor also agreed to dismiss an assault and battery charge against Petitioner. (*Id.* at p. 4). Prior to accepting Petitioner's plea, the trial judge advised Petitioner of the maximum penalties for the charges that he was pleading guilty to, as well as the rights to a trial that he would be waiving by pleading guilty. (*Id.* at pp. 6-8). In response to the trial judge's question, Petitioner acknowledged that by pleading guilty, he could not later come back to court and claim that his plea was the result of any promises or threats or that it was not his own choice to plead guilty. (*Id.* at pp. 8-9). In response to further questions from the judge, Petitioner denied that anyone had threatened him to get him to plead guilty and acknowledged that it was his own choice to plead guilty. (*Id.* at p. 9). In establishing the factual basis for the plea, Petitioner indicated that he broke and entered a home in Keego Harbor, Michigan while armed with a knife. Petitioner indicated that it was his intent to steal drugs from the house. Petitioner further indicated that he used the knife to put the two victims in fear so that he could steal the drugs, as well as a telephone from one of the victims. (*Id.* at pp. 11-13).

On September 4, 2007, Petitioner was sentenced to concurrent sentences of fourteen and one-half to twenty five years in prison on the three charges. (Tr. 9/4/2007, p. 4).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, through counsel, in which he raised the following claims.

I. Petitioner is entitled to resentencing because the trial court improperly

2

scored Offense Variable 13.

II. The trial court erred when it used improper evidence in determining Petitioner's sentence in violation of the law set forth in *Blakely v. Washington*.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Clifton*, No. 283264 (Mich. Ct. App. March 4, 2008)); *lv. den.* 482 Mich. 896; 753 N.W.2d 174 (2008).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq,* in which he raised the following claims:

I. Petitioner was denied the effective assistance of counsel when his trial counsel failed to present a meaningful defense, failed to communicate the nature of the crime charged, and coerced him into entering a guilty plea, thereby making the plea unknowing and involuntary.

II. Petitioner was denied due process because his plea was ultimately illusory.

III. The prosecutor and trial court abused their discretion by charging Petitioner with different crimes than those to which he pleaded guilty.

IV. Petitioner was denied the effective assistance of counsel on appeal when his appellate counsel failed to raise meritorious issues on appeal.

The trial court denied the motion for relief from judgment. *People v. Clifton,* No. 07-213507-FC (Oakland County Circuit Court, September 15, 2009). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Clifton*, No. 294818 (Mich. Ct. App; February 23, 2010); *lv. den.* 487 Mich. 854, 785 N.W.2d 155 (2010). [1]

---

[1] While Petitioner's collateral appeal was pending in the state courts, Petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice. *Clifton v. McKee*, U.S.D.C. No. 09-12935; No. 2009 WL 2960422 (E.D. Mich. September 11, 2009).

Petitioner seeks a writ of habeas corpus on the following grounds: (i) the trial court improperly scored Offense Variable 13 of the Michigan Sentencing Guidelines; (ii) the trial court at sentencing used factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner; (iii) Petitioner was denied the effective assistance of trial counsel; (iv) Petitioner's guilty plea should have been set aside because it was coerced; (v) the prosecutor erred in charging Petitioner with armed robbery, in light of the fact that Petitioner did not admit to taking money from the victims; and (vi) Petitioner was denied the effective assistance of appellate counsel.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

4

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000). An "unreasonable application" occurs when "a state court decision unreasonably

applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A

federal habeas court may not "issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal

system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a

'highly deferential standard for evaluating state-court rulings,'and 'demands that

state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855,

1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v.

Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131

S.Ct.770, 786 (2011). The Supreme Court emphasized "that even a strong case for

relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing

*Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a

habeas court must determine what arguments or theories supported or...could have

supported, the state court's decision; and then it must ask whether it is possible

5

fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

### III. Discussion

**A. The procedural default issue.**

Respondent contends that Petitioner's third through sixth claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his direct appeal, as well as prejudice, as required by M.C.R. 6.508(D)(3).

Petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his direct appeal.

Procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Because "the procedural default issue raises more questions than the case on the merits", this Court will assume, for the sake of resolving the claims, that there is no procedural default by Petitioner and will decide the merits of the claims. *See Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003)(internal

quotation omitted).

**B.  The guilty plea claims.**

Many of the claims raised by Petitioner overlap or are interrelated.  For the sake of judicial clarity, the Court  addresses the various issues raised by Petitioner in the chronological order they took place in the state courts, rather than in the order that they were presented in his habeas application.

Petitioner first contends throughout his various claims that his guilty plea is invalid.

A plea of guilty must be knowingly and voluntarily made.  The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

The record in this case establishes that Petitioner knowingly and voluntarily pleaded guilty to the charges.  Petitioner was advised of the maximum penalties of the

crimes that he was pleading to, as well as the rights that he would be giving up by pleading guilty.  The terms of the plea agreement were placed on the record.  Petitioner acknowledged several times that he was pleading guilty freely and voluntarily and that no threats had been made to get him to plead guilty.

Petitioner, however, contends that his plea of guilty should be set aside because he only admitted to taking drugs from the victim's house, but at sentencing was ordered to pay $ 5,884.00 in restitution for money that was also taken from the victims at the time of the robbery and home invasion.  Petitioner contends that because he did not admit to taking the money from the victims, there was an insufficient factual basis for the plea.  Petitioner further contends that he did not understand the charges against him when he pleaded guilty, because he did not know that the prosecutor was alleging that he had stolen money as well as drugs from the house.  Petitioner finally argues that because he did not steal this money from the victims, his plea is illusory.

There is no federal constitutional requirement that a factual basis be established to support a guilty plea. See *Roddy v. Black,* 516 F. 2d 1380, 1385 (6th Cir. 1975); *See also Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (2001).  Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his guilty plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583.

To the extent that Petitioner contends that he had inadequate notice of the charges against him, he is not entitled to relief. It is true that where a defendant pleads guilty to a crime without having been informed of the crime's elements, the voluntary, knowing, and intelligent standard for a guilty plea is not met and the plea is invalid. *See Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). However, a defendant is presumed to have been informed adequately by his defense counsel of the criminal charge to which he is pleading guilty, even when the trial court record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature or the elements of the charge have been explained to the defendant. *See Berry v. Mintzes,* 726 F. 2d 1142, 1147 (6th Cir. 1984)(citing *Henderson v. Morgan,* 426 U.S. at 647).

Petitioner claims that his guilty plea to the armed robbery and home invasion charges is invalid because he did not know that he was being charged with taking money as well as drugs and a telephone from the victims.

In rejecting Petitioner's claim, the trial court judge noted that the information had been amended to allege that the first count of armed robbery was based on "a larceny of money and/or drugs." *People v. Clifton,* No. 07-213507-FC, * 4 (Oakland County Circuit Court, September 15, 2009). Petitioner was made aware that the first armed robbery charge included an allegation that he took either money and/or drugs. Petitioner has not presented sufficient evidence to establish that he did not understand the charges against him or the essential elements of the offenses. Accordingly, Petitioner is not entitled to habeas relief on his claim. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 733 (E.D. Mich.

9

2002).

Finally, to the extent that Petitioner claims that there was insufficient evidence for the prosecutor to charge him with these crimes, his claim is waived by his plea of guilty. An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  By pleading guilty, Petitioner waived his right to challenge the sufficiency of the evidence to convict him of these charges. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987).

Petitioner further alleges that his plea should be set aside because it was illusory.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000).

Here, the trial judge agreed to sentence Petitioner to fourteen and a half to twenty five years in prison if Petitioner pleaded guilty to the armed robbery, home invasion, and fourth felony habitual offender charges.  The prosecutor also dismissed an assault and battery charge against Petitioner.  Because Petitioner derived a real benefit from his plea and sentencing bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief on his claim. *See McAdoo v. Elo,* 365 F. 3d 487, 498 (6th Cir. 2004).

Petitioner next claims that his plea of guilty is invalid because he was coerced by his defense counsel and his own brother into pleading guilty.

Petitioner's claim that his counsel and his brother coerced him into pleading

10

guilty is defeated by the fact that Petitioner stated on the record at the plea hearing that no threats had been made to get him to plead guilty.  Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to Petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750-51 (E.D. Mich. 2005).  Moreover, the Sixth Circuit noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987).  Because Petitioner knew about this alleged coercion at the time he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the state trial and appellate courts until years later  and after he had been sentenced undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 Fed. Appx. 303, 309 (6th Cir. 2001). Moreover, the mere fact that Petitioner's brother encouraged him to plead guilty to the charges was not impermissible coercion to justify setting aside his guilty plea. *See, e.g., United States v. Pellerito*, 878 F.2d 1535, 1541 (1st Cir. 1989)(holding that family pressure, though "probative of an accused's *motivation* for pleading guilty, ... does not necessarily show coercion, duress or involuntariness" (emphasis in original)); *United States ex rel. Brown v. La Vallee,* 424 F.2d 457, 461 (2nd Cir. 1970)(holding that pressure from defendant's lawyers and mother to plead guilty was not coercive, but rather "sound advice").

11

**C. The ineffective assistance of trial counsel claims.**

Petitioner next contends that he was deprived of the effective assistance of trial counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner initially claims that trial counsel was ineffective for advising him to plead guilty rather than take the case to trial.

The Supreme Court recently noted:

Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances

12

not apparent to a competent attorney when actions and advice leading to the plea took place. Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

*Premo v. Moore,* 131 S. Ct. 733, 741 (2011).

The Supreme Court further admonished:

These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and forfeiture,". Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*. The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result

13

favorable to no one.

*Premo,* 131 S. Ct. at 741-42 (internal citations and quotations omitted).

Moreover, in order to satisfy the prejudice requirement for an ineffective

assistance of counsel claim in the context of a guilty plea, the defendant must show that

there is a reasonable probability that, but for counsel's errors, he or she would not have

pleaded guilty, but would have insisted on going to trial. *Premo,* 131 S. Ct. at 743 (citing

*Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant

would have gone to trial but for counsel's errors "will depend largely on whether the

affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The

Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the

substance of the habeas petitioner's underlying claim or defense to determine whether

but for counsel's error, petitioner would likely have gone to trial instead of pleading

guilty. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must

therefore show a reasonable probability that but for counsel's errors, he would not have

pleaded guilty, because there would have been a reasonable chance that he would have

been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 484

(E.D. Mich. 2004).

Petitioner failed to show a reasonable probability that he could have prevailed had

he insisted on going to trial, or that he would have received a lesser sentence than he did

by pleading guilty. *See Shanks,* 387 F. Supp. 2d at 750. Petitioner was facing up to life

14

in prison on all three charges. [2]  Counsel was able to negotiate a sentencing agreement with the trial judge of concurrent sentences of fourteen and a half to twenty five years in prison.  Although Petitioner claims that his counsel failed to investigate a meaningful defense to the charges, Petitioner does not specify what defense he had to these charges.  Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998).  A habeas petitioner's conclusory allegation that his attorney failed to adequately present a defense, without specifying what more his attorney could have done to strengthen his defense, is insufficient to establish ineffective assistance of counsel. *Campbell v. Grayson,* 207 F. Supp. 2d 589, 598 (E.D. Mich. 2002).  Petitioner failed to establish what defense he had to these charges, he failed to show that counsel was ineffective for advising him to plead guilty.

Petitioner next contends that trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines.  In light of the fact that the trial judge sentenced Petitioner in accordance with the sentencing agreement, Petitioner is unable to establish that counsel was ineffective for failing to object to the scoring of the sentencing guidelines. *See Whitaker v. U.S.,* 186 Fed. Appx. 571, 573-74 (6th Cir. 2006).  Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims.

---

[2]   A conviction for armed robbery carries a possible sentence of any term of years up to life in prison. M.C.L.A. 750.529.  Moreover, although the penalty for first-degree home invasion is up to twenty years in prison, *See* M.C.L.A. 750.110a(5); Petitioner was also charged as a fourth felony habitual offender.  Under M.C.L.A. 769.12(1)(a), a fourth felony habitual offender can be sentenced to up to life in prison if his current felony carries a maximum sentence of five or more years in prison.

15

**D.  The sentencing claims.**

In his first and second claims, Petitioner raises various challenges to his sentence.

The Court initially notes that the trial judge entered into a *Cobbs* agreement to sentence Petitioner to fourteen and a half to twenty five years in prison.  The judge sentenced Petitioner in accordance with this agreement.  A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003).  "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. at 485. Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

Petitioner further alleges that the trial court judge violated his Sixth Amendment

16

right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. N.J.*, 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim.  *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme.  Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. *See People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (Mich. 2004); *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (Mich. 2006)(both citing M.C.L.A. 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set a minimum sentence." *Drohan*, 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (Mich. 2003) (citing M.C.L.A. 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730.  Therefore, Michigan's indeterminate sentencing scheme is

unaffected by the U.S. Supreme Court's holding in *Blakely*.  *Drohan*, 475 Mich. at 164.

The holding in *Blakely* is inapplicable to petitioner's sentence.  Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury.  *Blakely*, 542 U.S. at 304-05, 308-09.  The holdings in *Apprendi* and *Blakely* do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley,* 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing).  As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." *Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009)(citing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986))(emphasis original). Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due-process rights or his right to a jury trial. *Montes,* 599 F. 3d at

18

497.  Petitioner is not entitled to habeas relief on any *Blakely* claim. *Id.* [3]

Finally, to the extent that Petitioner challenges the trial judge's order of restitution concerning the $ 5,884.00 that was taken, Petitioner does not state a claim upon which federal habeas relief can be granted.  Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *United States v. Watroba*, 56 F. 3d 28, 29 (6ᵗʰ Cir. 1995).  Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty as to warrant habeas relief.  *Barnickel v. United States*, 113 F. 3d 704, 706 (7ᵗʰ Cir. 1997)(quoting *Tinder v. Paula*, 725 F. 2d 801, 805 (1ˢᵗ Cir. 1984).  Petitioner is not entitled to habeas relief on his sentencing claims.

### E.  The ineffective assistance of appellate counsel claim.

Petitioner contends that appellate counsel was ineffective for failing to raise his third through fifth claims on direct appeal.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6ᵗʰ Cir. 2010); *cert. den* . 131 S. Ct. 1013 (2011)(quoting *Greer v. Mitchell*, 264 F.3d 663,

---

[3]  Because the holding in *Blakely* is inapplicable to Michigan's indeterminate sentencing scheme, trial counsel was not ineffective for failing to object to the scoring of the sentencing guidelines on this basis. *See Rupert v. Berghuis*, 619 F. Supp. 2d 363, 371 (W.D. Mich. 2008).

676 (6th Cir.2001)).  In light of the fact that none of these claims have any merit, appellate counsel was not ineffective for failing to raise them on Petitioner's direct appeal.

**F.  The motion for oral argument.**

Petitioner filed a motion for oral argument.

A federal district court can grant oral argument in a habeas case where it would assist in resolving the matters raised in the habeas petition. *See e.g. Haskell v. Berghuis,* 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010).  In light of the fact that this Court has determined from the pleadings that Petitioner is not entitled to habeas relief, the Court will deny the motion for oral argument. *See Lovely v. Jackson*, 337 F. Supp. 2d 969, 978 (E.D. Mich. 2004).

**III.  Conclusion**

The Court denies the petition for writ of habeas corpus.  The Court also denies a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the

20

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability; he failed to make a substantial showing of the denial of a federal constitutional right. *See Siebert,* 205 F. Supp. 2d at 735.

Although this Court denies a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

21

## IV.  <u>ORDER</u>

The Court Denies: (1) the Petition for Writ of Habeas Corpus**;** (2) the motion for oral argument [Dkt. # 7]; (3) A Certificate of Appealability.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*


<u>S/Victoria A. Roberts</u>

Victoria A. Roberts

United States District Judge


Dated:  July 22, 2011


| The undersigned certifies that a copy of this document was served on the attorneys of record and Scott Michael Clifton  by electronic means or U.S. Mail on July 22, 2011. |
| :--- |
| <u>s/Carol A. Pinegar</u> |
| Deputy Clerk |

22